IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHARLES FRANCIS HURT, JR.                                               PLAINTIFF
Reg. #89763-379

v.                              2:22-cv-00048-JJV

UNITED STATES OF AMERICA                                                DEFENDANT

**MEMORANDUM AND ORDER[1]**

**I.   DISCUSSION**

Charles Francis Hurt, Jr. ("Plaintiff") is a federal prisoner proceeding *pro se* in this action seeking relief from the United States of America under the Federal Tort Claims Act ("FTCA"). (Docs. 13, 22.)   All other claims and defendants were dismissed during screening mandated by 28 U.S.C. § 1915A.   (*Id*.)   Defendant filed an Answer.   (Doc. 24.)

Plaintiff has filed a Motion for Summary Judgment.   (Doc. 23.)   Because the Motion has no merit, a response is not necessary.   Plaintiff says he is entitled to summary judgment because Defendants did not object to the § 1915A screening Recommendation and Order.   (Docs. 16, 22.) Plaintiff is mistaken.   In those documents, the Court found Plaintiff had pled a "plausible" FTCA claim.   (*Id*.)   This means that, <u>assuming the truth of Plaintiff's allegations</u>, there was sufficient information to satisfy each element of his claim.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).   In other words, Plaintiff's claim was legally sound - in theory.

But to be entitled to summary judgment, the movant must go beyond mere allegations and produce admissible <u>evidence</u> to support his or her claim.   *See* Fed. R. Civ. P. 56(c); *Frevert v.*

---

[1] I previously entered a Partial Recommended Disposition (Doc. No. 27) but before it was acted upon, the parties consented to my jurisdiction.   Accordingly, the Partial Recommended Disposition is withdrawn and this Order is entered to adjudicate the pending Motion for Summary Judgment filed by Plaintiff.

*Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010) (at summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor"). Plaintiff has not done so. Instead, he relies on Local Rule 56.1(c), which says all "material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party." But Plaintiff has <u>not</u> filed a Statement of Undisputed Facts. And doing so would be premature because Defendants just answered the Complaint, and discovery has not yet begun. Finally, Plaintiff says he is entitled to summary judgment based on Local Rule 7.2(f). But that rule only applies to "nondispositive motions;" not a motion for summary judgment which is clearly dispositive.

II. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Summary Judgment (Doc. 23) is DENIED.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order would not be taken in good faith.

Dated this 1st day of August 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE