IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| CHARLES FRANCIS HURT, JR. <br> Reg. #80763-379, | * <br> * <br> * | |
| Plaintiff, | * | |
| v. | * <br> * <br> * | No. 2:22-cv-00048-JJV |
| DEPARTMENT OF JUSTICE, *et al*. | * <br> * <br> * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Charles Francis Hurt, Jr. ("Plaintiff") is a prisoner in a federal Residential Reentry Center in Houston, Texas.  He has filed a *pro se* Amended Complaint seeking relief under the Federal Tort Claims Act ("FTCA").  (Doc. 13.)  Plaintiff, says that during his February 22 to 23, 2021 transportation from Arkansas to Texas, his right wrist was fractured, his ankles and feet were cut, he suffered from dehydration, and his personal property was lost due to the negligence of federal officers.  (*Id*.)  Plaintiff alleges federal transport officers negligently caused these injuries by improperly restraining his wrists and ankles, removing his diabetic shoes and over-the-ankle socks, driving erratically, and failing to provide sufficient, accessible drinking water.  (*Id*.)  As relief, he seeks approximately $25,000 in damages.  (*Id*.)  All other claims and Defendants have been previously dismissed without prejudice.  (Doc. 22.)  And the parties have consented to proceed before me.  (Doc. 28.)

Plaintiff and Defendant United States of America have filed a cross Motions for Summary Judgment.  (Docs. 38-43.)  After careful consideration and for the following reasons: (1)

1

Plaintiff's Motion is DENIED; (2) Defendant's Motion is GRANTED in part and DENIED in part; (3) Plaintiff may PROCEED to trial on his negligent driving claim; and (4) all other negligence claims are DISMISSED with prejudice.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   FACTS**

Plaintiff is a type-two diabetic.  (Doc. 13 at 46-53; Doc. 42-2.)  He is 5'10'' and in February 2021, he weighed 322 pounds.  (*Id.*)  During the evening of February 22, 2021, Plaintiff and thirty-seven other prisoners were transferred by van from a federal prison in Forrest City, Arkansas to a federal medical center in Fort Worth, Texas.  (Doc. 13 at 11, 18-25; Doc. 42-1.)  Pursuant to standard Post Orders, Plaintiff was required to change into a uniform shirt, pants, socks, and deck shoes.  (*Id.*)  Plaintiff claims transport officers ordered him to remove New Balance diabetic walking shoes he had purchased from the commissary, threw the shoes away, and forced him to change into deck shoes and socks that did not cover his ankles.  (Doc. 13 at 11, 18-25.)  Plaintiff says that, due to his diabetes and large size, he asked the officers to use zip ties to restrain his ankles and "big-man" cuffs on his wrists, as were allegedly used during prior transportations.  (*Id.*)  Defendant say the officers denied that request because the Transfer Order and medical paperwork said Plaintiff was "medically cleared for transfer" with "universal" or standard precautions.  (Doc. 42-1; Doc. 42-3.) And, according to Defendant, standard cuffs were used on Plaintiff at the federal prison in Arkansas.  (*Id.*)

Plaintiff says that during the nine-hour trip, the officer drove the van erratically, causing the vehicle to often swerve onto the shoulder and jerk back and forth.  (Doc. 13 at 11, 18-25.)  According to Plaintiff, this caused a fracture of his right wrist, lacerations on both ankles, and a cut on his left large toe that later became infected.  (*Id.*)  Plaintiff also says he became dehydrated because there was not enough drinking water on the van and the 5 gallon container was in the back of the van where it was difficult to access due to the erratic driving and Plaintiff's restraints.  (Doc. 13 at 11, 18-25.)   The van arrived in Texas approximately nine hours later on February 23, 2021.  (*Id.*)

3

During his February 23, 2021 intake examination at the Fort Worth medical center, no injuries, sores, trauma, or acute conditions were noted. (Doc. 13 at 46-53.) However, on February 25, 2021, Plaintiff complained of wrist and foot pain, increased thirst, weakness, and constipation. (Doc. 13 at 59, 63-77.) An x-ray of Plaintiff's right wrist revealed a "hairline, nondisplaced fracture of the ulnar styloid process" with radial nerve palsy that was treated with ice and wrapped in an ace bandage. (*Id.* at 72-73, 77, 83, 124-126.) And Plaintiff later received a removable brace for that injury. (*Id.* at 110). On February 25, 2021, Plaintiff also had swelling and cellulitis in his left great toe that was treated with doxycycline. (*Id.* at 68, 75.) And, an abdominal x-ray revealed "mild to moderate" constipation, but no obstruction, that was treated with a suppository. (*Id.* at 79-81, 83, 121-22.)

On June 11, 2021, an orthopedic surgeon examined Plaintiff's wrist, determined the fracture had healed, told Plaintiff to wear an ace bandage as needed, and instructed him to perform range of motion exercises. (*Id.* at 111-17.) In October of 2021, Plaintiff began occupational therapy to address limited flexion and extension in his right wrist, as well as limited thumb adduction. (*Id.* at 89-102.) And that therapy continued at least until January 11, 2022, when Plaintiff reported he no longer had any wrist pain.[1] (Doc. 13 at 103-131, 127.) On December 9, 2022, Plaintiff was transferred from the medical center in Fort Worth to the federal Residential Reentry Center in Houston, which is where he is currently confined. (Doc. 38 at 2.)

IV. **DISCUSSION**

Defendant says it is entitled to partial dismissal under the discretionary function exception to the FTCA, and summary judgment as a matter of law because Plaintiff does not have sufficient evidence to proceed to trial on each of his negligence claims. I will consider each argument

---

[1] It is unclear from the provided medical records when the occupational therapy stopped.

separately.

### A.     Discretionary Function Exception

The FTCA waives sovereign immunity in suits seeking money damages against the federal government "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." *See* 28 U.S.C. § 1346(b)(1); *Brownback v. King*, 141 S. Ct. 740, 746 (2021); *Willis v. Boyd*, 993 F.3d 545, 547 (8th Cir. 2021).   And the only proper defendant is the United States of America. *Duncan v. Dep' of Labor,* 313 F.3d 445, 447 (8th Cir. 2002).   But the FTCA it is a limited waiver of liability with many exceptions.

For instance, the FTCA does <u>not</u> wave immunity for "any claim arising" from the loss of property caused by any "law enforcement officer," which includes prison officials.   28 U.S.C. § 2980(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216 (2008).   Thus, Defendant is entitled to immunity from Plaintiff's request for $99.95 in damages for loss of his diabetic walking shoes. *Id.*; *Nwizuzu v. United States*, No. 02-1573, 2002 WL 1610801, *1 (8th Cir. Jul. 23, 2002) (holding § 2680(c) barred a federal prisoner's request for reimbursement for lost work boots).

Additionally, the FTCA does <u>not</u> waive immunity for any claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).   This provision, which is commonly referred to as the "discretionary-function exception," involves a two-part test.  *Two Eagle v. United States*, 57 F.4th 616, 623 (8th Cir. 2023); *Willis*, 993 F.3d at 548.   First, the court must determine "whether the challenged conduct or omission is truly discretionary, that is, whether it involves an element of

judgment or choice instead of being controlled by mandatory statutes or regulations." *Two Eagle v. United States*, 57 F.4th 616, 623 (8th Cir. 2023); *see also Willis*, 993 F.3d at 548. "If there is no mandatory statute or regulation, the action is considered a product of judgment or choice and the first step is satisfied."[2] *Two Eagle*, 57 F.4th at 623; *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 673 (8th Cir. 2008).

At step two, the court must determine if "the employee's judgment or choice could be based on considerations of social, economic, and political policy." *Willis*, 993 F.3d at 548; *see also Two Eagle*, 57 F.4th at 623. "If it could, the exception applies, and sovereign immunity bars the suit."[3] *Willis*, 993 F.3d at 548. Importantly, at step two, the plaintiff has the burden of rebutting a presumption that "the discretion is grounded in policy considerations." *Two Eagle*, 57 F.4th at 623; *Buckler v. United States*, 919 F.3d. 1038, 1046 (8th Cir. 2019). This is because, when enacting the discretionary function exception "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Willis,* 993 F.3d at 548 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).

Defendant argues the discretionary function exception applies to the transporting officers' decision to use standard restraints on Plaintiff's ankles and wrists, rather than the zip-ties and "big-man cuffs" requested by Plaintiff. I agree. The Post Orders say that, after reviewing the travel

---

[2] Stated differently, if "a statute, regulation, or specific policy dictates the employee's actions, he or she cannot be said to be exercising discretion, and the exception to the waiver of sovereign immunity does not apply." *Demery v. U.S. Dep't of Interior*, 357 F.3d 830, 832 (8th Cir. 2004).

[3] And it is irrelevant if the government official actually weighed policy considerations; it is enough if the decision is susceptible to such an analysis. *Alberty v. United States*, 54 F.4th 571, 575 (8th Cir. 2022).

authorizations which include any medical restrictions, the Bus Lieutenant may determine which security measures, including restraint application, should be used for each inmate. (Doc. 42-1.) And the declaration from a Bus Lieutenant with three years of experience transporting inmates affirms that officers have discretion to determine the appropriate manner to restrain each inmate. (*Id*.) This evidence suggests that, rather than being mandated by a federal regulations or statutes, the officers must use their discretion, choice, and judgment when deciding how prisoners should be restrained during transportation.

Plaintiff has not offered any contrary evidence. Instead, he relies on 18 U.S.C. § 4042(a) which says the Bureau of Prisons shall "provide for the safekeeping, care… subsistence" and "protection" for all federal prisoners. (Docs. 13, 38). However, § 4042(a) does not defeat the discretionary function exception because it only imposes a general duty of care without mandating a specific way that duty must be carried out. *See Muick v. Reno*, No. 03-1725, 2003 WL 22952703 (8th Cir. Dec. 10, 2003); *Perez Alvarez v. United States*, No. 4:17-CV-731-BSM-BD, 2019 WL 1497043, at *6 (E.D. Ark. Feb. 5, 2019), *rec. adopted* (E.D. Ark. Apr. 4, 2019); *Lopez v. United States*, No. 2:10-CV-44-DPM, 2013 WL 1398992, at *2 (E.D. Ark. Apr. 5, 2013). Plaintiff has not pointed to any specific mandate, rule, or regulation requiring he be restrained in a particular manner. Thus, the first element is satisfied.

At step two Defendant is entitled to a presumption the discretion granted to transporting officers on how to restrain prisoners is grounded in policy considerations. Although Defendant could rest on that presumption, the Bus Lieutenant's declaration says softer and bigger restraints are often requested by prisoners because they are "much easier to break out of" than the traditional cuffs. (Doc. 42-1.) And, when choosing the proper restraints, the officers' objective is to prevent "the risk of escape attempts and violence against officers and the public," which are important

policy considerations. (*Id*.) Plaintiff has not come forward with any evidence or argument to rebut the presumption, which is also supported by this persuasive evidence. Thus, I join other courts that have found a federal correctional officer's decision how to restrain a prisoner falls within the discretionary function exception. *See, e.g., Hatten v. Bledsoe*, 782 F. App'x 91, 96 (3d Cir. Aug. 7, 2019); *Lewis v. United States*, 618 F. App'x 483, 487 (11th Cir. June 29, 2015); *Greene v. United States*, No. CV 6:22-120-WOB, 2023 WL 309320, at *4 (E.D. Ky. Jan. 18, 2023). Consequently, sovereign immunity is not waived under the FTCA and Defendant is granted judgment as a matter of law on this particular theory of negligence. *See Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998) (if the discretionary function exception applies, there is no waiver of sovereign immunity and court lacks subject matter jurisdiction).

      **B.**      **Summary Judgment as a Matter of Law**

In contrast, Defendant does <u>not</u> argue the discretionary function exception applies to Plaintiff's negligence claims regarding drinking water, diabetic walking shoes and over-the-ankle socks, or erratic driving. As to the latter theory of recovery, I note the Eighth Circuit recently explained: "While driving requires the constant exercise of discretion, that's not the type of discretion that triggers the exception because the decisions the agent makes when exercising the discretion associated with driving a car are not grounded in government policy." *Willis,* 993 F.3d at 548 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). Thus, the issue is whether Defendant is entitled to summary judgment as a matter of law on these three theories of negligence.

Under the FTCA, the court must apply the state tort law "where the act or omission occurred." *Brownback,* 141 S. Ct. at 746; *see also Shanner v. United States*, 998 F.3d 822, 824 (8th Cir. 2021). Plaintiff says federal officers acted negligently in Arkansas and Texas. To proceed to trial with a negligence claim under both States' law, a plaintiff must have evidence of:

(1) a duty of care owed to the plaintiff; (2) defendant breached that duty of care; and (3) the breach was the proximate cause of the injuries. *Ark. Dev. Fin. Auth. v. Wiley*, 611 S.W.3d 493, 499 (Ark. 2020); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

Defendant argues there is no evidence officers breached the duty of care (*i.e.*, acted negligently) when they forced Plaintiff to remove his diabetic shoes and over-the-ankle socks.[4] I agree. Defendant's declarations say Plaintiff had a "pass" to purchase diabetic shoes from the commissary and keep them in his possession, but the shoes were not medically necessary. (Doc. 42-2; Doc. 42-3.) Plaintiff has not offered contrary evidence. Further, it is undisputed Plaintiff did not have any medical restrictions or notations on his transportation documents saying diabetic shoes or over-the-ankle socks were necessary. (Doc. 42-1; Doc. 42-3.) Because there is no evidence the transport officers failed to exercise reasonable care when they told Plaintiff to change into ankle socks and deck shoes, as required by the Post Orders (Doc. 42-1 at 4), I conclude Defendant is entitled to summary judgment on this negligence theory. *See Gill v. State,* 474 S.W.3d 77, 80 (Ark. 2015) (negligence is "the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence"); *Union Pac. R.R. Co. v. Nami*, 498 S.W.3d 890, 896 (Tex. 2016) ("negligence means the failure to use ordinary care - failing to do what a reasonable person like the defendant would have done under the same or similar circumstances").

Next, Defendant argues it is entitled to summary judgment because, while "BOP officers

---

[4] Defendant also says it is entitled to summary judgment on this negligence claim because there is no evidence Plaintiff's feet or ankles were injured. (Doc. 43 at 9.) I disagree because, Plaintiff says his big toe was injured during the van ride, the medical records say on February 25, 2021 he had an infected wound on his big toe, and there is no evidence in the record, at this time, that the injury existed prior to the February 22 to 23, 2021 transportation.

owe a duty to inmates to drive reasonably, other than Hurt's self-serving statements, there is no evidence that a BOP officer drove negligently." (Doc. 43 at 9.) I disagree. While the evidence here is somewhat slim, Plaintiff is competent to testify what happened while he was being driven to Texas. (Doc. 13.)[5] Further, the undisputed medical records demonstrate Plaintiff had a fractured wrist after he arrived at the medical center in Texas. And there is no evidence, at this time, the fracture happened before Plaintiff was transported. Because I conclude there is a genuine issue of material fact here that needs to be resolved at trial, summary judgment on Plaintiff's negligent driving claim is denied.

Finally, Defendant has not specifically addressed Plaintiff's claim that prison officials negligently failed to provide him with sufficient drinking water. Nevertheless, I conclude summary judgment is appropriate because, even if I presume five gallons of water was insufficient for thirty-eight prisoners on a nine-hour drive in February at night and that Plaintiff could not get to that water, there is no evidence he suffered any resulting injuries.[6] Although Plaintiff says he suffered from severe dehydration, the medical records do not demonstrate he was in any type of acute or serious distress when he arrived at the medical center in Texas. Instead, the only evidence in the record is that, two days later, Plaintiff had mild to moderate constipation that could have been caused by his diabetes, various medications, or numerous other reasons. For instance, in the Amended Complaint Plaintiff says the high carbohydrate meals he received at the federal prison in Arkansas "caused digestive issues that carried into dehydration . . . ." (Doc. 13 at 20.) The evidence here simply falls sort of establishing proximate causation. *See Gonzales v. Cont'l Cas.*

---

[5] *See Williams v. York,* 891 F.3d 701, 703 (8th Cir. 2018) (a verified complaint, signed under penalty of perjury, is the equivalent of an affidavit for summary judgment purposes).

[6] Five gallons of water is 640 ounces, divided by 38 prisoners is approximately 16 ounces a prisoner.

*Co.*, 659 S.W.3d 277, 282 (Ark. App. 2022) ("proximate cause is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred;" it requires proof the injury would not have occurred "but for the tortfeasor's negligence"); *Pediatrics Cool Care v. Thompson*, 649 S.W.3d 152, 158 (Tex. 2022) (proximate cause requires evidence that "(1) the negligence was a substantial factor in causing the injury, and (2) without the act or omission, the harm would not have occurred"). Accordingly, I conclude Defendant is entitled to summary judgment on Plaintiff's negligent dehydration claim.

### C. Plaintiff's Motion for Summary Judgment

Finally, Plaintiff argues he is entitled to summary judgment in his favor because, during discovery, Defendant did not provide him with a list of witnesses or "rebuttal affidavits." (Doc. 38.) But the Court has not yet set a deadline for providing witness lists for trial, and any issues Plaintiff may have had during discovery should have been raised in a properly supported Motion prior to summary judgment. As previously discussed, genuine issues of material fact remain as to Plaintiff's negligent driving claim. Thus, Plaintiff's Motion for Summary Judgment is denied.

### V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Summary Judgment (Doc. 38) is DENIED.

2. Defendant's Motion for Summary Judgment (Doc. 41) is GRANTED in part and DENIED in part.

3. Plaintiff may proceed to trial with his negligent driving claim while all other negligence claims are DISMISSED WITH PREJUDICE.

4. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal

of this Memorandum and Order would not be taken in good faith.

    DATED this 18th day of April 2023.

                                                      _____
                                                      JOE J. VOLPE
                                                      UNITED STATES MAGISTRATE JUDGE